1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WELLS FARGO BANK, NATIONAL
     ASSOCIATION,
11
                    Plaintiff,                    No. 2:12-cv-2362 JAM GGH GGH PS
12
            vs.
13

14   CHRISTOPHER ROMERO, et al.,
                                                 FINDINGS AND RECOMMENDATIONS
15                  Defendants.

16   _____/

17          This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

18   It was removed from state court by pro se defendant Valerie Romero on behalf of all defendants,

19   on September 14, 2012.  A district court has "a duty to establish subject matter jurisdiction over

20   [a] removed action *sua sponte*, whether the parties raised the issue or not."  United Investors Life

21   Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004); see also Kelton Arms

22   Condominium Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  Having

23   reviewed the notice of removal, the court finds that the action should be remanded to state court

24   due to lack of subject matter jurisdiction.

25          Removal jurisdiction statutes are strictly construed against removal.  See Libhart

26   v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be

1   rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980

2   F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party

3   invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994),

4   overruled on other grounds by Leeson v. Transamerica Disability Income Plan, 671 F.3d 969,

5   979 (9th Cir. 2012).

6           A plaintiff may bring suit in federal court if his claim "arises under" federal law.

7   28 U.S.C. § 1331.  In that situation, the court has original jurisdiction.  A state court defendant

8   cannot invoke the federal court's original jurisdiction.  But he may in some instances invoke the

9   court's removal jurisdiction.  The requirements to invoke removal jurisdiction are often identical

10  to those for invoking its original jurisdiction.  The requirements for both relate to the same end,

11  that is, federal jurisdiction.

12          Removal of a state court action is proper only if it originally could have been filed

13  in federal court.  28 U.S.C. § 1441.  "[F]ederal courts have jurisdiction to hear, originally or by

14  removal, only those cases in which a well-pleaded complaint establishes either that federal law

15  creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution

16  of a substantial question of federal law." Franchise Tax Board v. Construction Laborers

17  Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983).  Mere reference to federal

18  law is insufficient to permit removal.  See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,

19  93 (3d Cir. 1992).  Also, defenses and counterclaims cannot provide a sufficient basis to remove

20  an action to federal court.  See Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); FIA Card Servs.

21  v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by

22  defendant on the basis that defendant's counterclaim raised a federal question).

23          Here, the exhibits attached to the removal petition establish that the state court

24  action is nothing more than a simple unlawful detainer action, and is titled as such.  (See Dkt.

25  No. 1, at pp. 51-54.)  This court has no jurisdiction over unlawful detainer actions which are

26  strictly within the province of the state court.  Defendants' removal petition includes an assertion

2

of jurisdiction under the Protecting Tenants at Foreclosure Act, and defendant Valerie Romero has filed in this court a document styled, "verified second amended cross complaint," purporting to allege civil rights violations, apparently related to the property at issue.  However, as discussed above, these counterclaims cannot provide a sufficient basis to remove the action to federal court.  Based on the aforementioned analysis, the court finds that remand is appropriate, because there is no subject matter jurisdiction.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  The action be remanded to the Sacramento County Superior Court, Carol Miller Justice Center;

2.  The Clerk be directed to serve a certified copy of this order on the Clerk of the Sacramento County Superior Court, Carol Miller Justice Center; and reference the state case number (11UD05191) in the proof of service; and

3.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 18, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/076/WellsFargo2362.rem.wpd